IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALTER HARMON,

    Petitioner,

v.                                   Civil Action No. 5:06CV50
                                  (Criminal Action No. 5:04CR36-01)
UNITED STATES OF AMERICA,                     (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

Pro se[1] petitioner Walter Harmon filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. The government filed a response to the petition to which the petitioner replied.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied because in his plea agreement, the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. The magistrate judge informed the parties that if they objected to any portion of the report, they must file

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

written objections within ten days after being served with copies of the report. The petitioner filed objections to the report and recommendation. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2255 motion to vacate, set aside or correct sentence should be denied and dismissed.

## II. Facts

On March 11, 2005, the petitioner plead guilty in the Northern District of West Virginia to distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On May 9, 2005, the petitioner was sentenced to 92 months imprisonment.

After his sentencing, the petitioner filed a motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those

portions of the report and recommendation to which objections were made.

IV. Discussion

The petitioner contends in his § 2255 petition that he received ineffective assistance of counsel in violation of the Sixth Amendment because his counsel allegedly allowed the petitioner to stipulate to 3.5 to 7 pounds of cocaine when the actual amount was much less.[2] Furthermore, the petitioner asserts that his counsel failed to object to the enhancements at sentencing. Additionally, the petitioner contends that he was denied due process of law in violation of the Fifth and Fourteenth Amendments because the sentencing guidelines and plea agreement were based on inaccurate information regarding the amount of cocaine that he actually possessed and sold.

Based on a review of the record and the applicable law, Magistrate Judge Seibert entered a report and recommendation in which he recommended that the petitioner's § 2255 petition be denied and dismissed because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. In his objections to the report and recommendation, the petitioner reiterates his ineffective assistance of counsel claim, contending that his counsel failed to adequately investigate the evidence, review with the petitioner the

---

[2]In the plea agreement, the parties stipulated that the petitioner's total drug relevant conduct was between 3.5 and 5 kilograms of cocaine.

3

content and extent of the plea agreement, object to the presentence investigation report that contained inaccurate information, and argue mitigating circumstances at the sentencing hearing.

In this case, the petitioner plead guilty to Count Three of an indictment charging him with distribution of cocaine. Specifically, the petitioner signed a plea agreement on March 8, 2005, which stated that he "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus), where the sentence is 108 months or less."[3] This Court finds that the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction, and that the petitioner's ineffective assistance of counsel claims are barred by this valid waiver. Accordingly, the petitioner's application for habeas corpus pursuant to § 2255 must be denied.

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for reasons set forth above, the petitioner's § 2255 petition is

---

[3] The plea agreement was accepted and filed by this Court on March 11, 2005. At the petitioner's sentencing hearing on May 9, 2005, this Court sentenced the petitioner to 92 months imprisonment.

DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    November 17, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE